UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 16, 2017

LETTER TO COUNSEL

      RE:    *Samuel Wilson v. Commissioner, Social Security Administration*;
                 Civil No. SAG-16-3233

Dear Counsel:

      On September 23, 2016, Plaintiff Samuel Wilson petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 15). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Mr. Wilson filed a claim for Disability Insurance Benefits ("DIB") on May 23, 2012, alleging a disability onset date of March 1, 2012.[1] (Tr. 246-49). His claim was denied initially and on reconsideration. (Tr. 135-38, 141-42). A hearing was held on April 2, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 42-67). Following the hearing, the ALJ determined that Mr. Wilson was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 19-41). The Appeals Council denied Mr. Wilson's request for review, (Tr. 1-7), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

      The ALJ found that Mr. Wilson suffered from the severe impairments of "gout, obesity, hepatitis C, history of alcohol and cocaine dependence, depression, and a specific learning disorder." (Tr. 24). Despite these impairments, the ALJ determined that Mr. Wilson retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) with exceptions. The claimant can lift and carry twenty pounds occasionally and ten pounds frequently. In an eight-hour workday, the claimant can stand for six hours, walk for six hours, and sit for six hours. He can occasionally climb ramps and stairs, balance, kneel, crawl, stoop, and crouch. The claimant must avoid concentrated exposure to

---

[1] On February 16, 2012, Mr. Wilson received a fully favorable decision from the Commissioner regarding a prior application for disability benefits for the closed period from June 30, 2009 through September 1, 2011. (Tr. 105-17).

>extreme temperatures and hazardous machinery and avoid working at unprotected heights, climbing ladders, ropes, and scaffolds, and work on vibrating surfaces. The claimant is able to understand, remember, and carry out simple instructions in repetitive, unskilled work.

(Tr. 27). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Wilson could perform his past relevant work and that, therefore, he was not disabled. (Tr. 35-37).

Mr. Wilson raises two primary arguments on appeal: (1) that the ALJ's holding runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015); and (2) that the ALJ failed to properly evaluate the opinion of the treating physician, Dr. Speedie.[2] Pl. Mot. 6-13. I concur that the ALJ's opinion is deficient under *Mascio*, and therefore remand to allow compliance with that decision. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Wilson is not entitled to benefits is correct or incorrect.

Beginning with *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. *Mascio*, 780 F.3d at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et. seq.*, pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. The relevant listings therein consist of: (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id*. at § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id*.

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1620a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id*. at § 404.1620a(c)(4). In order to

---

[2] Mr. Wilson also argues that the ALJ failed to properly evaluate pertinent evidence from Dr. Collins, a physician at the Maryland Division of Rehabilitative Services. Pl. Mot. 7-8. Specifically, Mr. Wilson contends that the ALJ improperly discredited Dr. Collins's findings because they "relate[d] to [Mr. Wilson's] vocational rehabilitation and [did] not translate to the disability process." (Tr. 35). Social Security regulations require that an ALJ "evaluate every medical opinion" in the record "regardless of its source[.]" 20 C.F.R. § 404.1527(c). Ultimately, because the ALJ's RFC analysis warrants remand, the ALJ should, on remand, address the evidence identified by Mr. Wilson to ensure that every medical opinion in the record is evaluated.

satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See*, *e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id*. at § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id*. at § 12.00(C)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id*. The regulations, however, offer little guidance on the meaning of "moderate" limitations.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE – and the corresponding RFC assessment – did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id*. at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id*. Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id*.

In the instant case, the ALJ found Mr. Wilson to have moderate difficulties maintaining concentration, persistence, or pace. (Tr. 26). The entirety of the analysis states, "[W]hile mental status examinations have been fairly benign, [Mr. Wilson] has endorsed problems with memory and concentration. Testing has been suggestive of a learning disorder and [Mr. Wilson] has reported some difficulty in his college classes. In considering the record as a whole, the undersigned finds that [Mr. Wilson] has a moderate limitation here and should be limited to unskilled work." *Id.* According to 20 CFR § 404.1520a(c)(2), the rating of "moderate difficulties" is supposed to represent the result of application of the following technique:

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any

> episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

20 CFR § 404.1520a(c)(2). Once the technique has been applied, the ALJ is supposed to include the results in the opinion as follows:

> At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

20 CFR § 404.1520a(e)(4). The cursory analysis provided by the ALJ in Mr. Wilson's case suggests that the finding of "moderate difficulties" was based exclusively on Mr. Wilson's allegations of "problems with memory and concentration," since the remaining sentences in the analysis would suggest mild or no limitations. Without further explanation, I am unable to ascertain whether the ALJ truly believed Mr. Wilson to have moderate difficulties in concentration, persistence, and pace, instead of mild, or no difficulties, and how those difficulties restrict his RFC to "simple instructions in repetitive, unskilled work." (Tr. 27). Indeed, the ALJ's analysis entirely fails to address Mr. Wilson's ability to sustain work over an eight-hour workday. In light of this inadequacy, I must remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. On remand, the ALJ should consider the appropriate level of limitation in the area of concentration, persistence, or pace and, if a moderate limitation is again found, should explain the reasons for that finding in order to permit an adequate evaluation of the moderate limitation under the dictates of *Mascio*.

Next, Mr. Wilson contends that the ALJ assigned inadequate weight to the opinion of the treating physician, Dr. Speedie. Pl. Mem. 8-9. A treating physician's opinion is given controlling weight when two conditions are met: 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques; and 2) it is consistent with other substantial evidence in the record. *See Craig*, 76 F.3d 585 (4th Cir. 1996); *see also* 20 C.F.R. § 416.927(d)(2). However, where a treating source's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, it should be accorded significantly less weight. *Craig*, 76 F.3d at 590. If the ALJ does not give a treating source's opinion controlling weight, the ALJ will assign weight after applying several factors, such as, the length and nature of the treatment relationship, the degree to which the opinion is supported by the record as a whole, and any other factors that support or contradict the opinion. 20 C.F.R. § 416.927(c)(1)-(6). The Commissioner must also consider, and is entitled to rely on, opinions from non-treating doctors. *See* SSR 96-6p, at *3 ("In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources.").

Contrary to Mr. Wilson's assertion, the ALJ properly evaluated Dr. Speedie's opinion. Notably, Dr. Speedie opined that "[Mr. Wilson] could not lift over twenty pounds due to back pain, stating that he could lift and carry twenty pounds occasionally and ten pounds frequently." (Tr. 33). Additionally, Dr. Speedie opined that "[Mr. Wilson] did not require a cane for ambulation, but stated that he was limited to two hours of standing/walking in an eight-hour day due to back and knee pain." *Id*. Moreover, Dr. Speedie opined that "[Mr. Wilson] could never climb, balance, stoop, kneel, crouch, or crawl." *Id*. Furthermore, Dr. Speedie opined that "[Mr. Wilson] had no limitations in manipulative movements, seeing, hearing, or speaking, also reporting that he did not require environmental restrictions." *Id*.

The ALJ assigned Dr. Speedie's opinion "little weight" because it was inconsistent with the medical evidence. (Tr. 34-35). Although the ALJ afforded Dr. Speedie's opinion "some weight as far as it is consistent with the ability to perform light work," the ALJ gave "little weight…to the proposed walking/standing and postural limitations provided." (Tr. 34). Most significantly, the ALJ noted that, "Dr. Speedie based these limitations on [Mr. Wilson's] subjective complaints." *Id*. However, the ALJ found that there was "reason to doubt [Mr. Wilson's] contentions." *Id*. Specifically, the ALJ noted that Mr. Wilson's "subjective complaints [were] out of proportion to the weak and inconsistent objective medical findings contained in the record." (Tr. 34-35). For example, the ALJ noted that, contrary to Mr. Wilson's claims, "[t]here is no evidence of reduced grip strength in the hands, loss of color in the allegedly affected regions, muscle spasm with examination or muscle atrophy." (Tr. 35). In addition, the ALJ noted that "[t]he medical records do not support consistent multi-joint inflammation, indicated by joint swelling stiffness, redness, and/or warmth[,]" and "do not contain notes that [Mr. Wilson] exhibited difficulty-initiating movement, difficulty moving generally, or muscle tremors." *Id*. Moreover, the ALJ noted that although "records indicated some problems with an antalgic gait, as well as some swelling in the right knee…these problems were intermittent and appear to be generally well managed by medication." *Id*. These inconsistencies, in addition to others cited by the ALJ, provide sufficient justification for the ALJ's decision to accord only "little weight" to Dr. Speedie's opinion.

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Mr. Wilson's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Accordingly, the ALJ properly evaluated Dr. Speedie's opinion and supported her conclusion with substantial evidence. Remand on this basis is therefore unwarranted.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 14) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 15) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                      Sincerely yours,

                                          /s/

                                      Stephanie A. Gallagher
                                      United States Magistrate Judge